UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. 3:12-CR-220-L-10 |
| | § | |
| **CLAUDIA AGNES CASTILLO (10)** | § | |
| | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Jorge Munoz's ("Munoz" or "Petitioner") Third Party Petition Objecting to Forfeiture (Doc. 719), filed July 30, 2014.  After careful consideration of the petition, response, supplements, record, evidence, and applicable law, the court **grants** Munoz's Third Party Petition Objecting to Forfeiture ("Petition").

On June 10, 2014, the court issued a Preliminary Order of Forfeiture regarding a vehicle, subject to the provisions of 21 U.S.C. § 853(n).  The court held a final forfeiture hearing in this case on August 19, 2014.  Munoz contends that he is the legal and rightful owner of the vehicle, a 2012 Dodge Charger Sedan SE, VIN 2C3CDXBG2CH218451("the Property"), that was seized from Defendant Claudia Agnes Castillo ("Defendant" or "Castillo") after her arrest on October 31, 2012; that he has an interest in the Property superior to that of Castillo, as he has not been paid in full; and that the Property should be returned to him.

**Memorandum Opinion and Order - Page 1**

During the course of the hearing, the government indicated that Munoz did not comply with state statutes or administrative regulations. Whether Munoz violated state statutes or administrative regulations is not a matter before this court. Those issues are to be addressed in another forum. The question the court must decide is whether Munoz has a right, title, or interest in the Property superior to that of Castillo and is therefore entitled to possession of the Property.

At the hearing, the court ordered the parties to supply it with the date of the final notice of publication to ensure that Munoz's Petition complied with the timing requirements set forth in 21 U.S.C. § 853(n)(2).[1] The statute requires Munoz to file his Petition within thirty days of the final publication or his receipt of notice, whichever is earlier. Munoz filed his Petition on July 30, 2014. Munoz states that he received the notice letter on June 30, 2014. According to the Government's Response Concerning Publication of Preliminary Order of Forfeiture (Doc. 732), publication of the notice on www.forfeiture.com ended on July 18, 2014. Munoz therefore received the notice letter before the final publication. Because Munoz filed the Petition within thirty days of receiving the notice letter, he complied with the timing requirements set forth in 21 U.S.C. § 853(n)(2).

---

[1] 21 U.S.C. § 853(n)(2) provides as follows:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

After reviewing the record and considering the testimony at the hearing, the court determines that Munoz established by a preponderance of the evidence that his right, title, or interest in the Property is superior to that of Claudia Castillo. Pursuant to 21 U.S.C. § 853(n)(6)(A), Munoz must establish by a preponderance of the evidence that:

> the petitioner has a legal right, title, or interest in the property and that this interest and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property.

The evidence provided by Munoz establishes that his performance is less than satisfactory in maintaining business records; however, the lack of his ability to maintain adequate business records is not a basis to show that Claudia Castillo's interest in, right to, or title to the Property was superior to that of Petitioner at the time of the commission of the conduct by Castillo that gave rise to forfeiture of the Property. In his Petition, Munoz asserts, and the evidence establishes, that he acquired the Property through his business ("Cano's Custom Paint & Body Work") at the IAAI Dallas Auction on April 19, 2012. Munoz then sold the Property to Castillo on September 23, 2012, for $27,000. According to the Bill of Sale between Munoz and Castillo, Castillo made a down payment of $3,000; traded in a damaged 2008 Chevrolet Impala for a credit of $4,000; and promised monthly payments of $800.[2] Munoz testified, however, that he only received the down payment and that Castillo failed to make any of the promised monthly payments. Munoz further testified that he never signed over title to Castillo. Munoz provides the court with the receipt of his initial purchase,

---

[2] The Bill of Sale includes a provision stating that if the buyer fails to make one monthly payment "seller may reposes [sic] and loose [sic] the rights of this agreement."

**Memorandum Opinion and Order - Page 3**

Texas Certificate of Title, Texas Sales and Use Tax Permit, Texas Certificate of Ownership for Unincorporated Business or Profession, and Bill of Sale.  The government conceded at the hearing that it did not dispute that Munoz purchased the Property at the auction, and the government acknowledged at the hearing that the failure of Petitioner to have the proper documents relating to the title to the Property did not diminish his ownership interest in the Property.

The government characterizes Munoz's Petition as incredible; however, the operative facts set forth in the preceding paragraph are not in dispute.  Moreover, Munoz's testimony that he attempted to contact Castillo on several occasions but failed to do so makes sense.  Munoz sold the Property to Castillo on September 23, 2012.  Castillo was arrested on October 31, 2012, and has been continuously incarcerated since this date.  Castillo's incarceration fully explains why Munoz was unable to contact her.  While the court characterizes the fact situation as unusual, it cannot accept the government's characterization of the facts.  Other than argument, speculation, and suspicion, the government produced no evidence to show that Munoz is not entitled to possession of the Property.

While the manner in which he ran his business and his apparent failure to adhere to state statutes or administrative regulations are no cause for commendation, Munoz has carried his burden and shown by a preponderance of evidence that his right, title, or interest in the Property is superior to that of Castillo at the time of the commission of the acts by her that gave rise to the forfeiture of the Property.  Accordingly, the court **grants** Munoz's Third Party Petition Objecting to Forfeiture and **orders** the United States to return the Property to Munoz by **October 14, 2014**.  Further, the court **vacates** the Preliminary Order of Forfeiture issued June 10, 2014.

**It is so ordered** this 12th day of September, 2014.

Sam A. Lindsay
United States District Judge